FILED

**NOT FOR PUBLICATION**

FEB 06 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAURICIO FERNANDEZ MARGAIN, | No. 14-15214 |
| Plaintiff - Appellant, | D.C. No. 4:13-cv-01162-RCC |
| v. | |
| ELSA LOURDES RUIZ-BOURS, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief District Judge, Presiding

Argued and Submitted January 29, 2015
University of Arizona, James E. Rogers College of Law
Tucson, Arizona

Before: TASHIMA, McKEOWN, and BERZON, Circuit Judges.

Mauricio Fernandez Margain ("Mauricio") appeals from the district court's

denial of his petition for the return of his minor daughter to Mexico, pursuant to

the Hague Convention on the Civil Aspects of International Child Abduction, Oct.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

25, 1980, 19 I.L.M. 1501 (the "Convention"), as implemented by the International Child Abduction Remedies Act, 22 U.S.C. § 9001 *et seq.* We affirm. Because we conclude that the district court correctly determined that the child was "settled" within the meaning of Article 12 of the Convention, we affirm on that ground without deciding the habitual residence question.

"Article 12 of the Convention states the general rule that when a court receives a petition for return within one year after the child's wrongful removal, the court 'shall order the return of the child forthwith.'" *Lozano v. Montoya Alvarez*, 134 S. Ct. 1224, 1229 (2014) (quoting Convention, art. 12). Article 12 also contains an affirmative defense: "If the abducting parent can show that the petition for return was filed more than a year after the wrongful removal or retention occurred, and 'that the child is now settled in its new environment,' the abducting parent can overcome the presumption in favor of return." *In re B. Del C.S.B.*, 559 F.3d 999, 1002 (9th Cir. 2009) (quoting Convention, art. 12). Although the Convention does not define the term "settled," courts may "consider a number of factors that bear on whether the child has significant connections to the new country." *Id.* at 1003, 1009 (internal quotation marks omitted). The respondent must establish the Article 12 exception by a preponderance of the evidence. *See* 22 U.S.C. § 9003(e)(2)(b).

2

We "review the district court's factual findings underpinning its Article 12 determination for clear error, and its ultimate conclusion that [the child] is . . . now settled in the United States de novo." *C.S.B.*, 559 F.3d at 1008.

**1.** The district court's finding that the child's mother, Elsa Lourdes Ruiz-Bours ("Elsa"), moved with her daughter to Tucson in July 2012, more than one year before Mauricio filed his petition in September 2013, is supported by the record, so the district court did not clearly err in so finding. Elsa introduced into evidence a receipt regarding a transaction she conducted at a clothing store in Tucson on July 6, 2012. She also produced evidence of money orders drawn on July 11, 2012 from a bank in Tucson to a residential leasing company, which she explained were the first payment and deposit for the apartment in which they were residing. This evidence, along with the trial testimony, sufficiently establishes that Elsa and her daughter had lived in Tucson for more than one year at the time Mauricio filed his Convention petition. The district court did not clearly err in finding that Mauricio filed his petition more than one year after the alleged wrongful removal.

**2.** Mauricio contends that the Convention's one-year period should be equitably tolled because Elsa "active[ly] conceal[ed]" the child's removal from Mexico. But Mauricio's equitable tolling argument is foreclosed by *Lozano*, which

3

held that Article 12's one-year requirement is never subject to equitable tolling. 134 S. Ct. at 1228, 1232.

**3.** The district court also concluded that the child is now settled in Tucson. Its fact-findings underlying that conclusion have ample support in the trial record. For example, Elsa's child psychology expert testified that the child had a "normal" emotional status for a five-year old child, and was "well acclimated" to her home and community. In particular, he noted that the child has friends with whom "she's very involved," and that she likes her school and teacher. Other witnesses testified that the child has friends in the Tucson area. *Cf. C.S.B.*, 559 F.3d at 1010. Moreover, the child has lived with Elsa in Tucson for a longer period of time than she did in Mexico, and Mauricio has offered no evidence that her situation or environment is "unstable." *See id.* at 1009 (noting that the "length and stability of the child's residence in the new environment" is "ordinarily the most important" factor in the "settled" analysis).

Reviewing the record as a whole, we agree with the district court that the child is settled in her new environment. Moreover, no equitable factors counsel against application of the Article 12 exception, as the record supports the district court's conclusion that Mauricio was not diligent in locating the child in Tucson. *See Lozano*, 134 S. Ct. at 1237-39 (Alito, J., concurring).

We therefore conclude that the Convention's Article 12 exception applies and that the district court properly denied the petition.

**AFFIRMED.**